NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON STILL,

Plaintiff - Appellant,

v.

CITY OF LONGVIEW,

Defendant - Appellee.

No. 24-5390

D.C. No.
3:23-cv-05750-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 15, 2026[**]

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

Jason Still appeals the district court's grant of summary judgment to the City

of Longview ("the City") on Still's (1) state law claim and (2) *Monell* claims

alleging First Amendment and Fourth Amendment violations. We have

jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment de novo, and we may affirm on any ground supported by the record. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017). We affirm.

1. Still sues the City under a Washington criminal statute that provides that "[a] public servant is guilty of official misconduct if, with intent to obtain a benefit or to deprive another person of a lawful right or privilege," she either "intentionally commits an unauthorized act under color of law" or "intentionally refrains from performing a duty imposed upon him or her by law." RCW 9A.80.010(1). Because this statute does not authorize private right of action, Still cannot bring this claim.

2. Local governments are liable under Section 1983 where the alleged constitutional violation was the product of a policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because there were no First Amendment or Fourth Amendment violations, the district court correctly granted summary judgment on Still's *Monell* claims.

First, Still alleges that the City "through its elected officials and police department violated [his] First Amendment right to speak at public meetings without being censored or intimidated." "[C]ity council meetings, once open to public participation, are limited public forums." *Norse v. City of Santa Cruz*, 629 F.3d 966, 975 (9th Cir. 2010). "A council can regulate not only the time, place,

and manner of speech in a limited public forum, but also the content of speech—as long as content-based regulations are viewpoint neutral and enforced that way." *Id.* Here, the City gave Still multiple opportunities to speak during the council meetings, and he did. The City restricted Still's speech to the constituents' comments period and public comment on specific agenda items. These restrictions were placed on all members of the public so the council could discuss business in an orderly and efficient manner. Because those restrictions were reasonable and viewpoint neutral, they did not violate the First Amendment. *See id.*

Still's primary contentions on appeal are that the City violated state statutes and a municipal code.[1] But violations of such laws—if any—do not necessarily amount to a First Amendment violation and cannot be a basis for a *Monell* claim. *See Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002) (holding that Section 1983 "allows individuals to enforce rights contained in the United States Constitution and defined by federal law").

Second, Still alleges that the City's "elected officials and agents, acting under color of law, prevented [him] from speaking on subject matter that had been raised by constituents in previous meetings," which violated his right to

---

[1] To the extent Still now asserts a claim under the Open Public Meetings Act, this claim is forfeited because he did not assert this claim in his counseled Complaint. *See Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996) (declining to consider claims brought for the first time on appeal).

"substantive due process provided by the Fourteenth Amendment." Because this claim is based on the "unlawful and unreasonable physical force against [Still]" by a police officer, we analyze it as a Fourth Amendment claim.[2] *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[*A*]*ll* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." (emphasis in original)).

"We analyze excessive force claims according to the constitutional touchstone of objective reasonableness." *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1116 (9th Cir. 2017). We therefore "balance the 'nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Id.* (quoting *Graham*, 490 U.S. at 396). Because Still interrupted the city council meeting and repeatedly refused to leave the building after being asked, the police officer had probable cause to arrest Still for disorderly conduct and obstructing a law enforcement officer. *See* RCW 9A.84.030(1)(b) ("A person is guilty of disorderly conduct if the person . . .

---

[2] Still contends this claim should be analyzed under substantive due process instead of the Fourth Amendment because the force used was not "excessive" but "unnecessary and unlawful." But because any "unnecessary and unlawful" force would be "excessive," we analyze this claim under the Fourth Amendment.

[i]ntentionally disrupts any lawful assembly or meeting of persons without lawful authority."); RCW 9A.76.020(1) ("A person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties."). Instead of arresting Still, the police officer directed Still toward the exit by grabbing Still's wrist then placing one hand on Still's elbow. The officer did not exert any further force. Because this action was objectively reasonable, there was no Fourth Amendment violation. *See Shafer*, 868 F.3d at 1116.

Even viewing all evidence in the light most favorable to Still and drawing all reasonable inferences in his favor, there is no genuine dispute as to any material fact so we affirm summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (holding that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.").

**AFFIRMED.**